J^SHORTESS, J.
Lionel Primas (plaintiff), a commercial truck driver, filed suit against the State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles (defendant), seeking expungement of five entries on his driver’s operating record.[2] The trial court found in favor of plaintiff and ordered defendant to expunge the entries. Defendant appeals.
Plaintiff has five entries on his operating record. The first entry is the notation of an accident in East Baton Rouge Parish on June 14, 1993. The other four entries result from speeding citations issued to plaintiff and the consequent suspension of his commercial driver’s license. On March 27, 1993, he was issued a speeding citation in Washington Parish. He admitted forfeiting bond. On August 10, 1993, plaintiff was issued a citation for going 76 miles per hour in a 55-mile-per-hour zone in East Baton Rouge Parish. He testified he paid the fine for this citation. On August 8, 1995, he was issued a citation for going 81 miles per hour in a 65-mile-per-hour zone in Pearl County, Mississippi. He admitted paying the fine for this citation. On August 8, 1995, his commercial driver’s license was suspended for sixty days because of the two citations for exceeding the speed limit by more than 15 miles per hour.
Plaintiff contends the first entry, the accident notation, should be expunged because he was acquitted of the charge of careless operation of a motor vehicle arising from that accident. The trial court stated he was expunging that entry because plaintiff “produced evidence in Court that any and all charges resulting from [the June 14, 1993, accident] were dismissed.” The entry on *901 plaintiffs driving record, however, does not reflect that plaintiff was convicted of careless operation but that he was involved in an accident resulting in property damage. Louisiana Revised Statute 32:853(A)(l)(a) requires that the operating record of an individual driver include “all accidents.” Furthermore, Revised Statute 44:9 provides for expungement only of records of violations of municipal ordinances and state statutes. There is no provision in the law for expungement of accident records. Thus, the trial court committed legal error in ordering this entry expunged from plaintiffs operating record.
|3The trial court likewise erred in ordering the notation of suspension of plaintiffs license expunged from his record. Such a notation is not a record of a violation of a statute or ordinance, and there is no legal provision for expungement thereof.
Louisiana Code of Criminal Procedure article 934 defines “convicted” as “adjudicated guilty after a plea or after trial on the merits.” Plaintiff argues the speeding citations should be expunged from his record pursuant to Revised Statute 44:9 because he never went to trial for or pleaded guilty to those violations. The trial court stated that the “unrefuted evidence at trial demonstrated that Lionel Primas was not convicted as that term is defined in the Louisiana Criminal Code and Code of Criminal Procedure.”
Revised Statute 32:853(A)(l)(a) lists what must be included in an individual’s operating record; it requires more than just “convictions” as defined in the Code of Criminal Procedure:
The operating record of an individual driver shall only include those offenses where an individual has pled guilty and been sentenced thereupon, forfeited bond resulting in a final judgment of forfeiture, or been found guilty in a final disposition by a court of competent jurisdiction of violating a law in the operation of a motor vehicle, or civil actions in which an individual has been adjudged at fault, and all accidents.
(Emphasis added.) Plaintiff forfeited bond on the March 1993 citation. This offense must be included in plaintiffs operating record under Revised Statute 32:853(A)(l)(a), and the trial court committed legal error in expunging it.
Plaintiff testified he simply paid the fines on the other' two speeding violations. For purposes of an individual’s driving record, there can be no distinction between paying the fine and forfeiting bond; both are admissions of guilt.[3] Thus, the trial court erred in expunging those speeding citations as well.
For the foregoing reasons, we reverse the judgment of the trial court and render judgment dismissing plaintiffs suit at plaintiffs cost.
REVERSED AND RENDERED.

. Plaintiff also named the Livingston Parish District Attorney’s Office (the D.A.) as a defendant. The D.A. filed an exception of no cause of action, which was never ruled upon. At the beginning of the trial, plaintiff’s counsel advised the court that the D.A. "is out of it." No judgment dismissing the D.A. was ever entered.

. See La. R.S. 32:57(D); La. R.S. 32:641(B); and La. R.S. 33:1372(B).